## STATE OF CONNECTICUT *v.* DARRYL SMITH
## (AC 17166)

Landau, Spear and Daly, Js.

Argued October 27, 1998—officially released January 26, 1999

*Avery S. Chapman,* for the appellant (defendant).

*Richard F. Jacobson,* supervisory assistant state's attorney, with whom, on the brief, was *Cornelius P. Kelly,* assistant state's attorney, for the appellee (state).

*Opinion*

DALY, J. The defendant, Darryl Smith, appeals from the judgment of conviction, following a jury trial, of

assault in the first degree in violation of General Statutes § 53a-59 (a) (1).[1] The defendant claims that the trial court improperly (1) permitted John Bethea to be referred to as the victim, (2) failed to instruct the jury as to the proper burden of proof with respect to his self-defense claim, (3) denied his motion for a mistrial and (4) determined that there was sufficient evidence to sustain his conviction. We disagree and affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On May 11, 1996, Bethea went with a friend, Eric Edwards, to meet the defendant at a local convenience store where the defendant was going to repay a $30 loan that Bethea had made to him earlier in the month. When the defendant failed to appear at the store, Bethea and Edwards went to the defendant's home in Bridgeport. The defendant's wife indicated to Bethea that the defendant was not home. As Bethea was walking back to his vehicle, he spotted the defendant in the parking lot. The defendant was upset that Bethea had come to his house and Bethea was upset that the defendant did not have the money that he owed him. A fight ensued, during which Bethea saw a knife in the defendant's hand. Bethea attempted to flee but slipped and fell. The defendant then jumped on top of Bethea and stabbed him several times with a pocketknife. Edwards came to Bethea's assistance and subsequently drove him to St. Vincent's Hospital, where Bethea was admitted and spent three days.

Edwards returned to the scene and retrieved the knife, which the defendant had dropped during the scuffle. Edwards turned the knife over to the police. The

---

[1] General Statutes § 53a-59 (a) provides in relevant part:. "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

next day, the defendant went to the police station, where he provided a written statement indicating that Bethea instigated the fight and that he was merely trying to block Bethea's punches and was swinging the knife at Bethea in self-defense. The defendant was subsequently arrested and convicted. This appeal followed.

I

The defendant first claims that throughout the trial, the court improperly permitted the state and its witnesses to refer to Bethea as "the victim." Specifically, the defendant claims that because he had advanced a claim of self-defense, Bethea was merely a complainant, and the state's repeated references to Bethea as a victim prevented the jury from determining whether the defendant actually acted in self-defense. The defendant's claim is without merit.

"It is the sole right of the jury as the trier of the facts to draw all reasonable and logical inferences from the facts as it finds them to exist." *State* v. *Reddick*, 33 Conn. App. 311, 332, 635 A.2d 848 (1993), cert. denied, 228 Conn 924, 638 A.2d 38 (1994). "[I]n considering the evidence introduced in a case, [j]uries are not required to leave common sense at the courtroom door . . . nor are they expected to lay aside matters of common knowledge or their own observation and experience of the affairs of life, but, on the contrary, to apply them to the evidence or facts in hand, to the end that their action may be intelligent and their conclusions correct." (Citations omitted; internal quotation marks omitted.) *State* v. *Roy*, 38 Conn. App. 481, 489, 662 A.2d 799 (1995), cert. denied, 237 Conn. 902, 674 A.2d 1333 (1996).

From the facts established and the inferences drawn therefrom, the jury reasonably could have found that Bethea was the victim, regardless of the state's label for him. The jury heard evidence that the defendant

stabbed Bethea several times with a pocketknife. More-over, the jury had the opportunity to judge the credibil-ity of the defendant and of the state's witnesses and reasonably could have disregarded the defendant's evi-dence indicating that he acted in self-defense. Finally, the jury could have determined that the label "victim" was synonymous with "alleged victim." Indeed, the court, in its final instruction, indicated to the jury that the term victim was "merely a term used to differentiate the alleged victim from the alleged defendant in this case on the court's behalf. It clearly should not be given any significance by you as being any legal or factual conclusion by . . . this court on testimony in this case. You alone are the triers of fact and you alone shall decide the status of persons involved in the circum-stances of this case." Accordingly, we conclude that the defendant's claim is without merit.

II

The defendant's second claim is that the trial court failed to give an immediate curative instruction to the jury when the prosecutor, in his final argument, mis-stated the state's burden of proof regarding self-defense.[2] We are not persuaded.

When a defendant claims that a prosecutor's improper remarks violate his right to a fair trial, "[t]he burden on the defendant is to show that the prosecutor's

---

[2] During the state's closing argument, the prosecutor remarked that "the defendant Darryl Smith acted unreasonably on May 11, 1996, and what you have to do is you have to sit back and not only look at what he said on the stand as to what was going through his mind on May 11, but whether he acted reasonably; whether his actions were reasonable; whether the amount of force that he used and the item that he used, was that reasonable in light of everything that was going on there and not only that. You have to go back a little bit further to events leading up to that and also to some of the events that took place after the incident, because what you have to do is you have to put his testimony up on a pedestal and you have to decide whether he acted reasonably . . . ."

remarks were prejudicial in light of the entire proceeding." *State* v. *Ubaldi*, 190 Conn. 559, 562, 462 A.2d 1001, cert. denied, 464 U.S. 916, 104 S. Ct. 280, 78 L. Ed. 2d 259 (1983). Because the court was in a favorable position to evaluate any prejudice, we must give great weight to its determination as to the fairness of the trial. Id., 563.

Assuming arguendo that the prosecutor's remarks were improper, we will not, after reviewing the record, upset the court's determination that the remarks were not prejudicial to the defendant.[3] The court properly instructed the jury of the elements of self-defense. Moreover, the defendant does not claim that the court's instructions concerning his claim of self-defense were improper. Accordingly, we defer to the trial court's determination that the prosecutor's remarks did not deprive the defendant of a fair trial.

### III

The defendant's third claim is that the trial court improperly denied his motion for a mistrial. Specifically, the defendant claims that the court should have granted his motion for a mistrial on the basis of the prejudicial effects of the court's designation of Bethea as the victim. The defendant's claim is without merit.

"[A] mistrial should be granted only as a result of some occurrence upon the trial of such a character that it is apparent to the court that because of it a party cannot have a fair trial . . . and the whole proceedings are vitiated. . . . If curative action can obviate the prejudice, the drastic remedy of a mistrial should be

---

[3] The following colloquy took place between the defendant and the trial court:

"[Defense Counsel]: Your Honor, I would object to the attempt to reverse the burden of self-defense. I think it's for the—the burden is on the state to disprove self-defense, not reasonable doubt.

"The Court: That may be true, but it's still fair argument in the court's mind."

avoided." (Internal quotation marks omitted.) *State* v. *Day*, 233 Conn. 813, 836, 661 A.2d 539 (1995). In light of our conclusion that the references to Bethea as the victim did not impair the defense and that the court properly rendered curative instructions regarding the state's characterization of Bethea, we affirm the court's denial of the defendant's motion for a mistrial.

## IV

The defendant's final claim is that the evidence was insufficient to sustain his conviction. Specifically, the defendant claims that the intent element of § 53a-59 was lacking because the defendant "had attempted to avoid the altercation in the first instance by walking away, and that the altercation only took place after . . . Bethea confronted [the] defendant a second time." We are not persuaded.

"Our courts utilize a two part analysis when reviewing a challenge to the sufficiency of evidence. . . . We first review the evidence in the light most favorable to sustaining the guilty verdict. . . . We then determine, upon the facts thus established and the inferences reasonably drawn therefrom, whether any rational trier of fact could have concluded that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt." (Citations omitted; internal quotation marks omitted.) *State* v. *Clark*, 48 Conn. App. 812, 824, 713 A.2d 834, cert. denied, 245 Conn. 921, 717 A.2d 238 (1998). " 'It is axiomatic that a factfinder may infer an intent to cause serious physical injury from circumstantial evidence such as the type of weapon used, the manner in which it was used, the type of wound inflicted . . . and the events leading up to and immediately following the incident.' " *State* v. *Campfield*, 44 Conn. App. 6, 23, 687 A.2d 903 (1996), cert. denied, 240 Conn. 916, 692 A.2d 814 (1997).

After viewing the evidence in a light most favorable to sustaining the verdict, we cannot upset the jury's verdict. The state presented substantial evidence indicating that the defendant intended to cause serious physical injury to Bethea through the use of a deadly weapon. Accordingly, we conclude that the defendant's claim is meritless.

The judgment is affirmed.

In this opinion the other judges concurred.